## BLAKE VS. VAN TILBORG.

*Pleading—Multifariousness.*

A complaint which alleges that plaintiff entrusted defendant A. with moneys and property, for which he has refused to account, and has fraudulently conveyed without consideration lands bought with such moneys, some to B. and some to C.; and which seeks a reconveyance of such lands from B. and C., and judgment against A. for the amount found due from him on an accounting—*held* not multifarious.

APPEAL from the Circuit Court for *Sheboygan* County.

The defendants appealed from an order overruling a demurrer to the complaint as improperly uniting several causes of action. The substance of the complaint is stated in the opinion.

*J. A. Bentley*, for appellants, insisted that the different causes of action against the several defendants could not properly be united in the same complaint; and that even if properly united in one complaint, they should be separately stated; citing secs. 30, 12, 13, ch. 125, R. S.; *Watson v. Hazzard*, 3 Code R., 218; *Barnes v. Beloit*, 19 Wis., 93; 13 id., 661; 18 id., 566; *Lippencott v. Goodwin*, 8 How. Pr. R., 242; *Benedict v. Seymour*, 6 id., 298; *Pike v. Van Wormer*, 5 id., 172; *Curtis v. Moore*, 15 Wis., 134; *Catlin v. Pedrick*, 17 id., 88.

*Harvey G. Turner*, for respondent, cited R. S., ch. 125, secs. 5, 29; 1 Van Santv. Eq. Pr., 190; *Bailee v. Ingles*, 2 Paige, 278; *Newland v. Rogers*, 3 Barb. Ch., 432; Story's Eq. Pl., § 580, note, and following sections; *Morton v. Weil*, 11 Abb., 421; *Winslow v. Dousman*, 18 Wis., 456; *Hayes v. Heyer*, 4 Sandf., 485; *Wade v. Rusher*, 4 Bosw., 537.

DOWNER, J. The defendants demur to the complaint on the ground that several causes of action have been improperly united. The general object of the plaintiff, as set out in the complaint, is to obtain his money and property entrusted to

the defendant *Henrg Van Tilborg*, as his agent, and for which *Henry* has refused to account. It is alleged that with a part of the plaintiff's money, *Henry* has fraudulently purchased and paid for certain lands, and caused a part of them to be convey-ed to one of his co-defendants, and a part to the other, for which neither of them ever paid any consideration. The plaintiff, as a part of his relief, seeks to obtain these lands in which his money has been invested; also a judgment against *Henry* for the amount found due him on accounting.

According to all the authorities, a complaint is not multifa-rious which sets out a cause of action so entire against one de-fendant as to be incapable of prosecution as to him in several suits, although other defendants may be necessary parties to only a portion of the case. Another rule is, that a complaint does not improperly unite several causes of action which relates to matters of the same nature, all connected with each other, and in which all the defendants are more or less interested or concerned, though their rights in respect to the general sub-ject of the action may be different, and some may be directly interested only in a part of the general claim. The complaint under consideration is in our opinion within both of these rules—clearly within the latter. On principle, it is difficult to distinguish this case, as to the question arising on the demur-rer, from a judgment creditor's complaint to reach the proper-ty of his debtor fraudulently conveyed by separate conveyan-ces to different persons, who are made defendants. If it is necessary for the plaintiff in this action to bring separate suits against each of the co-defendants of *Henry Van Tilborg*, then it is in the power of the latter to multiply causes of action for the plaintiff to any extent.

*By the Court.*—Order of the circuit court affirmed.