RAMASH and another, Respondents, vs. SCHEUER, imp., Appellant.

*January 16 — February 2, 1892.*

(1) *Pleading: Married women: Separate estate.*  (2, 3) *Joinder of causes of action: Foreclosure of land contract: Fraudulent attachment.*

1. An averment that a married woman and a person other than her husband were seised of an estate in fee simple in certain land, sufficiently shows that she had a separate estate therein.
2. In an action to foreclose a land contract given by plaintiffs to one of the defendants, the complaint alleged that the other defendant had, by a false affidavit, obtained an attachment of the land, and that the defendants were colluding together by means of such attachment to retain possession of the land without performing said land contract. The prayer was that the attachment be set aside and the contract foreclosed. *Held,* that there was no improper joinder of causes of action.
3. It is not a valid objection to such action that, the attachment not being against either of the plaintiffs, they could not attack the affidavit therefor; nor that the action could not be sustained as one to quiet title under sec. 3186, R. S., nor as one to remove a cloud upon title, because the plaintiffs were not in possession.

Ramash and another vs. Scheuer.

APPEAL from the Circuit Court for *Manitowoc* County. The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *G. G. Sedgwick* and *Manseau & Craite*, and for the respondents on that of *Nash & Nash*.

For the appellant it was contended, *inter alia*, that the plaintiff *Rosa Lamach* is not a necessary or proper party to the action. The complaint states generally that on October 30, 1890, the plaintiffs were seised of the premises, but it makes a specific allegation which, if true, shows the title in the plaintiff *Ramash* to the exclusion of *Rosa Lamach*. General allegations are of no avail when inconsistent with facts specially averred. *Smith v. C. & N. W. R. Co* 18 Wis. 17; *Miller v. Larson*, 17 id. 624. If the plaintiff *Rosa* had any interest in the premises it should have been set out specifically, she being a married woman; or it does not show legal capacity to sue. *Read v. Sang*, 21 Wis. 678. Two causes of action have been improperly united. In an action to foreclose a land contract it is generally improper to bring in other issues or parties not parties to the contract. Bliss, Code Pl. sec. 109; *Chapman v. West*, 17 N. Y. 125. All of the parties are not affected by the two causes of action united. *Lull v. Fox & W. Imp. Co.* 19 Wis. 100; *Nichols v. Drew*, 94 N. Y. 22. If the cause of action against *Scheuer* rests in the fraudulent collusion, then one cause of action is in tort and the other on contract. True or false the alleged claim of *Scheuer* was no defense to an action against Bartleme for foreclosure of his land contract. It was therefore unnecessary to make *Scheuer* a party defendant. *Ludlow v. Gilman*, 18 Wis. 552; *Akerly v. Vilas*, 21 id. 88; *Lacy v. Johnson*, 58 id. 414; *Diggle v. Boulden*, 48 id. 477; *McIndoe v. Morman*, 26 id. 588. The complaint fails to state a cause of action against *Scheuer*. The plaintiffs are not entitled to attack the affidavit upon which his attachment is based. *First Nat. Bank v. Greenwood*, 79 Wis. 269; *Landauer v. Vietor*, 69 id. 437. The complaint

cannot be maintained under sec. 3186, R. S., to quiet title, for the plaintiffs are not in possession. *Stridde v. Saroni,* 21 Wis. 173; *Wals v. Grosvenor,* 31 id. 681. Equity will not interfere where party is not in possession, and where that which is alleged to be a cloud appears to be invalid upon the face of the record. *Meloy v. Dougherty,* 16 Wis. 269; *Head v. James,* 13 id. 641; *Moore v. Cord,* 14 id. 213; *Gamble v. Loop,* id. 465; *Pier v. Fond du Lac,* 38 id. 479; *Cornish v. Frees,* 74 id. 495; *Cox v. Clift,* 2 N. Y. 122; *Marsh v. Brooklyn,* 59 id. 280; *Washburn v. Burnham,* 63 id. 132; Sedg. & W. Tr. Tit. Land (2d ed.), sec. 154.

ORTON, J. This appeal is from the order overruling the demurrer to the complaint. The complaint is, in substance, as follows: The plaintiffs, *Wenzel Ramash* and *Rosa Lamach,* were seised in fee of certain lands in Manitowoc county, on the 13th day of October, 1890, and on that day executed a contract of sale of the same to the defendant George Bartleme, in consideration of $625, $25 to be paid down, and $600 to be paid on the 10th day of November following, and a deed was to be made on such payment. The said Bartleme and wife entered into possession. Previous thereto, on the 15th day of August, 1890, one John Lamach and his wife, one of the present plaintiffs, owning the said premises and holding the same as a homestead, deeded the same to the said plaintiff *Wenzel Ramash.* About the 17th day of October, 1890, the defendant *John G. Scheuer* obtained a writ of attachment against the property of the said John Lamach, on a claim of $590, on an affidavit charging him with being about to abscond, with having disposed of his property and being about to do so with intent to defraud his creditors. The attachment was levied on said premises. The affidavit was false, and the said *Scheuer* had no good reason to believe, and did not believe, the charges therein. The two defendants in this action colluded to-

Ramash and another vs. Scheuer.

gether by means of the attachment to harass and annoy the plaintiffs and compel them to pay said claim and enable the defendants to retain possession of said premises and enjoy the rents and profits thereof; and are colluding and pretending that said attachment is a valid lien and incumbrance on the premises; and the defendant Bartleme thereby, and for such reason, refuses and neglects to perform said contract. The plaintiffs tendered to the defendant Bartleme a good and sufficient deed of the premises, and demanded the payment of said consideration on the 10th day of November, the day the money became due, and again on the 26th day of November, 1890, and, on his refusal to pay, they demanded that he surrender up the premises. The plaintiffs also demanded of the said *Scheuer* that he release said attachment as a lien on said land, which was the pretext of said Bartleme for his refusal to pay or accept the said deed, and he refused. The prayer is to set aside the attachment and order the payment of the money; and, on failure to do so, that the defendant be barred and foreclosed, etc.

The defendant *Scheuer* demurs to the complaint as to the plaintiff *Ramash*, (1) that several causes of action are improperly joined, and (2) that the complaint fails to state a cause of action; and as to the plaintiff *Rosa Lamach*, (1) that it is not shown that she, being a married woman, has any separate estate in the premises; (2) that several causes of action are improperly joined; and (3) that the complaint fails to state a cause of action.

1. As to the plaintiff *Rosa Lamach* having no separate estate in the land, the first averment, that she and the other plaintiff were seised of an estate in fee-simple at the time they contracted to sell the land, is sufficient. Such an estate is the highest possible estate she could have in the land, married or unmarried.

2. As to the misjoinder of causes of action, the two

causes of action are well joined by the averments that a groundless attachment by *Scheuer* was levied on the land and made a lien and incumbrance thereon for the purpose of having the defendant Bartleme retain the possession and enjoy the rents and profits of the land through *collusion* with each other. The plaintiffs ask to foreclose the land contract, and recover back their land free and clear from incumbrances that the defendants had by collusion placed upon it. The *collusion* joins the two causes of action inseparably, and, if sustained, will entitle the plaintiffs to full relief against both defendants. *Blake v. Van Tilborg*, 21 Wis. 672; *Leinenkugel v. Kehl*, 73 Wis. 238; *Ellis v. N. P. R. Co.* 77 Wis. 114; *Catlin v. Wheeler*, 49 Wis. 507.

3. The ground of demurrer that the complaint fails to state a cause of action the learned counsel of the appellant seeks to sustain: (1) Because the affidavit for the attachment cannot be attacked in this way. The two authorities cited to this point by the learned counsel do not meet the case. One holds that a creditor cannot dispute the grounds of an attachment; and the other, that no one but the defendant can traverse the affidavit. Here the attachment was procured by perjury and collusion, to place an incumbrance on the land to aid the defendant Bartleme to retain the possession and enjoy the profits unjustly. (2) Because the complaint cannot be sustained under sec. 3186, R. S., as an action to quiet title. And (3) because equity will not remove a cloud on the title by the suit of one not in possession. This case is neither one nor the other. The action is to foreclose a land contract, and, subservient thereto, to remove an incumbrance placed on the land by the perjury of one and collusion of all the defendants. The defendants conspired or colluded, by means of a groundless attachment, to defeat the plaintiffs' full and rightful remedy. This is really but one action, to foreclose the land contract and obtain title to the land free of all incumbrances placed

upon it by the defendant Bartleme by collusion with the defendant *Scheuer.* The defendant in attachment, John Lamach, did not own the land when the attachment was served, and the affidavit to procure the attachment was false. We think the facts stated in the complaint, if proved, will entitle the plaintiffs to the remedy prayed for.

*By the Court.—* The order of the circuit court is affirmed, and the cause remanded for further proceedings according to equity.