McCartney, Executrix, Respondent, vs. Boyd, imp., Appellant.

*May 5—June 1, 1915.*

*Partnership: Fraud of surviving partner: Action for accounting: Sufficiency of complaint: Laches: Misjoinder of causes of action.*

1. In an action by a widow, as executrix, against a surviving partner of her deceased husband for an accounting and for cancellation of certain conveyances, a complaint alleging that defendant wilfully concealed partnership property from plaintiff; that he falsely claimed that deceased owed the firm $500; that by means of a false and incomplete list of partnership property he procured an undervaluation thereof by the appraisers; and that by false representations he had induced plaintiff and the guardian of her minor child to join in selling the partnership assets, ostensibly to a third person but in fact to defendant himself, is *held* to state a cause of action based on fraud.

2. Delay in bringing such action for a year after plaintiff was appointed executrix and discovered the fraud was not *per se* laches, especially in the absence of any showing that defendant was injured thereby.

3. A partnership accounting being the main purpose of the action, the prayer for the ancillary remedy of cancellation of the conveyances made by the plaintiff individually did not show a misjoinder of causes of action.

Appeal from an order of the circuit court for Price county: G. N. Risjord, Circuit Judge. *Affirmed.*

Action by plaintiff as executrix of the estate of her deceased husband for a cancellation of certain conveyances and for a partnership accounting. The complaint alleges that about the year 1897 her husband and the defendant *Hugh Boyd* entered into a partnership agreement to conduct a summer resort business, each to contribute equally and share equally; that such partnership continued till the death of plaintiff's husband, July 26, 1908, during which time it had acquired valuable real estate and personal property. From July 26, 1908, to March, 1910, the defendant *Boyd* continued to conduct the business. About that time, by reason of his having knowingly and wilfully concealed from her and the guardian of her minor son the existence of valuable partnership property, and falsely claiming that her husband's estate owed the partnership $500, and by fraudulently procuring an undervaluation of the partnership property from the appraisers chosen to appraise it, by presenting to them a false and incomplete list of partnership property, and by falsely representing that it was advisable to make a sale of all partnership assets to one Grieves at a low price, when in fact Grieves was only a dummy and the sale was made to *Boyd* himself, he induced her and the guardian of her minor son to join in conveyances of the partnership property. It is further alleged that she was appointed executrix August 3, 1912, and that upon learning of the deceit practiced upon her she promptly notified the defendant that she would not abide by the conveyances either individually or as executrix. This action was begun October 15, 1913, and prays that the conveyances to Grieves, who had immediately quitclaimed his interest in the property conveyed to him to *Boyd,* and Grieves's conveyance to *Boyd* as well as the settlement made by plaintiff with the defendant *Boyd* be set aside and that *Boyd* be required to account to plaintiff as executrix of the estate of her deceased husband.

The defendant *Boyd* demurred to the complaint and urges

as grounds for demurrer (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that two causes of action are improperly joined. From an order overruling the demurrer he appealed.

The cause was submitted for the appellant on the brief of *W. K. Parkinson,* and for the respondent on that of *Fisher,. Hanna & Cashin,* attorneys, and *Holland & Lovett,* of counsel.

VINJE, J. The objection to the complaint on the ground that it fails to state facts constituting fraud on the part of the defendant *Boyd* is not tenable. The allegations that he concealed partnership property from the plaintiff and from the guardian of her minor son; that he falsely claimed the estate of her deceased husband owed the partnership $500; that by means of a false and incomplete list of partnership property he procured an undervaluation thereof by the appraisers; and that Grieves was a purchaser when in fact he was not, are allegations of facts showing fraud and are sufficient. *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183.

It is urged that the complaint shows such laches upon its face that the court ought not to give the desired relief. The action was begun October 15, 1913. On August 3, 1912, plaintiff was appointed executrix. The complaint alleges that upon learning of the fraud of the defendant *Boyd* she promptly notified him that she would not abide by the conveyances either individually or as executrix. From this it follows that she did not discover the fraud until after or about the time she was appointed executrix. A delay of a year in bringing an action of this kind is not *per se* laches, especially in the absence of any facts showing that the defendant had suffered thereby.

Two causes of action were not improperly joined. The complaint seeks an accounting between plaintiff as executrix of her husband's estate and the defendant *Boyd.* That is the

main cause of action.   The fact that, in order to have such accounting and to enable the court to award to each what he is justly entitled to, it becomes necessary to cancel agreements. made by plaintiff as an individual, is merely giving a remedy ancillary to the main cause of action.   Where there is but. one primary right sought to be enforced there is only one cause of action though there may be many ancillary remedies. asked and awarded.   *Simon v. Weaver,* 143 Wis. 330, 127 N. W. 950, and cases cited; *Carthew v. Platteville,* 157 Wis. 322, 147 N. W. 375.   The demurrer was properly overruled.

*By the Court.*—Order affirmed.