WARNE, Trustee in bankruptcy, Respondent, vs. PETZKE and others, Appellants.

*December 8, 1936—January 12, 1937.*

For the appellants the cause was submitted on the brief of *Evenson & Shiels* of Baraboo.

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *Norman Quale*.

ROSENBERRY, C. J.   The sole question raised by the demurrers is whether or not there has been a misjoinder of causes of action.   But one cause of action was attempted to be set out in the complaint.   By paragraphs 7 and 8 of the complaint it is alleged that on or about April 2, 1935, the defendant, William Petzke, by three separate bills of sale, conveyed to his sons, William Petzke, Jr., Theodore W. Petzke. and Fred Petzke, certain property described therein; that at the time of the transfers the grantor knew of a foreclosure sale on a third mortgage, also a second mortgage on which there was the probability of a large deficiency judgment being entered against him; that the conveyances operated to make William Petzke insolvent.

"That at the time of said transfers, April 2, 1935, the said three defendant sons of William Petzke, bankrupt, knew and for some time had known that their father was in serious financial difficulties; that one and possibly two large deficiencies would be rendered against him shortly and understood, and as plaintiff is informed and verily believes, co-operated and conspired with their father in the said transfers and said partnership agreement with the actual intent and purpose to hinder, delay, and defraud the creditors of said William Petzke, Sr."

It was further alleged that on April 5, 1935, the defendants, William, Jr., Theodore, and Fred, entered into an agreement with their father by the terms of which William Petzke, Sr., was to remain in possession of the farm; that since the

making of said agreement the father has remained in possession of the premises and operated it to all outward appearances as before. It is then alleged in paragraph 9 that this arrangement was made with the actual intent to hinder, delay, and defraud the creditors of William Petzke, Sr.

The defendants rely upon the fact that the conveyance took the form of three separate instruments each of which conveyed to a separate named grantee an undivided one-third interest in the property. They contend that three separate actions must be brought on behalf of the creditors to set aside the conveyance. This contention is in our opinion wholly without support. It is alleged in the complaint that the sons entered into a conspiracy with the father to hinder, delay, and defraud his creditors; that in order to carry out the purpose of the conspiracy the father executed three bills of sale to his sons, whereupon the three sons entered jointly into an agreement whereby the father was to remain in possession of the property conveyed. This arrangement, made three days after the execution of the bills of sale, colors the entire transaction. What was done was a part of an entire scheme to defraud creditors according to the allegations of the complaint. But one cause of action is stated, although three instruments must be set aside to restore the *status quo*.

*By the Court.*—Order affirmed.