UIHLEIN and others, Respondents, vs. ROSENBERG and
others, Appellants.

*September 13—October 11, 1949.*

414

The cause was submitted for the appellants Louis Rosenberg and Rose Manor Realty Company on the brief of *Wolfe, O'Leary & Kenney* and *Z. F. O'Leary,* and for the appellant Lavo Company on the brief of *Bender, Trump & McIntyre,* all of Milwaukee.

For the respondents there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *John F. Zimmermann* of counsel, all of Milwaukee, and oral argument by *Mr. Zimmermann.*

BROADFOOT, J.   The defendant Lavo Company demurred to the amended complaint as amended on two grounds, to wit: (1) Misjoinder of causes of action; (2) failure to state facts sufficient to constitute a cause of action.   The defendants Louis Rosenberg and Rose Manor Realty Company demurred separately upon the same grounds.

The defendants contend that the five alleged fraudulent transfers described above are five separate and distinct causes of action, each of which affects some of the defendants but that none of them affects all of the defendants, and that this results in a misjoinder of causes of action.

The correct rule is stated in *Simon v. Weaver*, 143 Wis. 330, 341, 127 N. W. 950:

"It is, however, a misconception of the complaint before us to say that it states more than one cause of action.   True, a number of wrongful acts are set out, and different forms of relief are demanded, but that is only alleging the various ways in which the fraudulent scheme was consummated, and demanding appropriate relief for each separate wrong flowing therefrom.   It is not alleging separate causes of action.   As was said by this court in *Zinc C. Co. v. First Nat. Bank*, 103 Wis. 125, 139, 79 N. W. 229:

" 'There is but one subject of action,—the conspiracy to defraud and its consummation to the damage of plaintiff.   All the allegations of fact are parts of the presentation of that one subject.   The test of whether there is more than one cause of action stated or attempted to be stated in a complaint is not whether there are different kinds of relief or objects sought, but whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication.'

"To the same effect are *Gager v. Marsden*, 101 Wis. 598, 77 N. W. 922; *Adkins v. Loucks*, 107 Wis. 587, 83 N. W. 934; *Herman v. Felthousen*, 114 Wis. 423, 90 N. W. 432. In these cases the question has been so fully discussed, and the distinction between alleging separate causes of action and alleging one subject of wrong out of which separate wrongs may flow calling for different relief is so clearly pointed out, that it is deemed neither necessary nor advisable to further extend

the discussion of the subject." See also 30 C. J. S., Equity, p. 591, sec. 153; 69 A. L. R. 229; *Ellis v. Northern Pacific R. Co.* 77 Wis. 114, 45 N. W. 811; *Warne v. Petzke,* 223 Wis. 435, 270 N. W. 922.

As to the second ground, the allegations of fact in the amended complaint as amended must be taken as true. As the case has not been tried we make no comments upon the alleged facts or the law that might tend to influence in any way the outcome of the trial. We will only say that a careful review has been made of the allegations. If the facts alleged can be proved at the trial the plaintiffs will be entitled to judicial relief.

*By the Court.*—Order affirmed.