WHITNEY and another, Appellants, vs. TRAYNOR and others, Respondents.

*April 11 — April 29, 1890.*

*Appeal: Reversal of judgment:* Remittitur: *New trial.*

Where, in an equity case, the judgment or a part thereof is reversed and the cause is remitted for further proceedings, the trial court has no authority to grant a new trial as to any of the issues, but must render judgment in accordance with the opinion of this court.

APPEAL from the Circuit Court for *Dodge* County.
The facts are stated in the opinion.
For the appellants there was a brief by *G. J. Cox,* attor-

ney, and *I. C. Sloan*, of counsel, and oral agument by *Mr. Sloan.*

For the respondents there was a brief signed by *Lander & Lander*, and oral argument by *H. W. Lander.*

Taylor, J. This is an action to foreclose a mortgage. The case was fully tried in the circuit court, and after judgment rendered therein in said court the plaintiffs and present appellants appealed from certain parts of such judgment to this court, and upon such appeal this court reversed certain parts of the judgment appealed from, and remitted the case for further proceedings. See case reported in 74 Wis. 289. The record having been remitted to the circuit court, that court, instead of entering judgment in accordance with the opinion of this court, on the application of one of the defendants granted a new trial upon one of the issues made in the action. To this order the plaintiffs excepted, and appeal from such order to this court.

On this appeal, the only question raised is whether the circuit court had authority to order the retrial of the case upon one of the issues raised by the original pleadings, and which issue was tried and determined on the first trial of said action, and as to which issue this court reversed the findings and judgment of the circuit court on the former appeal. It is claimed by the counsel for the respondents on this appeal that, because this court on the former appeal did not direct the circuit court to render a judgment in accordance with the opinion in that case, it left the matter in the discretion of the circuit court to render such judgment, or, in its discretion, upon proper showing, to grant a new trial of the whole or a part of the issues in said action. On the part of the learned counsel for the appellants, it is contended that, upon the affirmance or reversal of a judgment by this court upon an appeal in an equity case, the circuit court, upon a *remittitur* from this court, must enter

judgment according to the opinion of this court as to the rights of the respective parties as found by this court, unless this court in its *remittitur* directs or leaves it to the discretion of the circuit court to grant a new trial as to some or all of the issues in the case.

We think the rule contended for by the learned counsel for the appellants in this case is the true rule, and has been fully sanctioned and affirmed by the repeated decisions of this court. That this ought to be so is in accord with the theory of the duty of this court upon an appeal in an equitable action. On such appeal, this court not only corrects any errors which may have been committed by the trial court, but it retries the case upon the merits, and so indicates in its decision the judgment which should be entered therein by the court below. If anything has happened in the trial by the improper exclusion of evidence, or otherwise, so that it appears to this court that a fair trial of the issues made in the case cannot be satisfactorily determined from the record, this court will remit the case with proper directions as to the course to be pursued by the court below; but, when the record shows that a full and fair trial has been had, this court either affirms or reverses the judgment in whole or in part, and the opinion of this court forms the basis of the judgment to be entered by the court below, in the absence of any special directions. The following cases in this court seem to establish this rule very firmly: *Miner v. Medbury*, 6 Wis. 295, 319; *S. C.* 7 Wis. 100; *Carney v. Emmons*, 9 Wis. 114; *Noonan v. Orton*, 31 Wis. 265, 272; *Hill v. Hoover*, 9 Wis. 15; *Stevens v. Clark Co.* 43 Wis. 36, 41. In this case, the late learned Chief Justice RYAN says: "When judgment in a suit in equity is reversed, it rests in the discretion of the court [meaning this court] to direct final judgment for the successful party, or in proper cases to direct a new trial, or in doubtful cases to remit the question of a new trial to the discretion of the court below.

*Du Pont v. Davis*, 35 Wis. 631; *Law v. Grant*, 37 Wis. 548; *Mc Williams v. Bannister*, 40 Wis. 489. And even this discretion in equity cases upon reversal, the court takes by statute." The statute referred to by the learned chief justice was sec. 7, ch. 264, Laws of 1860, now sec. 3071, R. S. 1878. The circuit court clearly exceeded its authority in granting the order for a new trial which is appealed from.

*By the Court.*— The order appealed from is reversed, and the cause is remanded with direction to the circuit court to enter judgment in accordance with the opinion of this court upon the former appeal in this action.