BOSTWICK, Respondent, vs. MUTUAL LIFE INSURANCE COM-
PANY OF NEW YORK, Appellant.

*May 13—June 10, 1904.*

*Decision on former appeal is law of the case.*

1. Where the supreme court has remanded a cause to the trial
   court with direction to determine a single question of fact
   and then render judgment in accordance with the opinion,
   that decision is the law of the case and irrevocably settles all
   questions then involved.
2. The fact that in determining such question of fact some of the
   testimony given on the trial was re-examined by the trial court,
   and on a second appeal is sent up, by a supplemental bill of
   exceptions, in the form of questions and answers taken from
   the minutes of the court reporter, does not present a different
   record or state of facts from that upon which the former deci-
   sion was based.

APPEAL from a judgment of the circuit court for Rock
county: B. F. DUNWIDDIE, Circuit Judge.   *Affirmed.*

This action was brought by respondent to recover the money paid on three insurance policies issued by appellant. It is alleged that appellant's agent practiced a fraud on respondent and his assignors in issuing the policies, and thereby unlawfully obtained the money sought to be recovered. The facts of the case are fully stated in the report of the case on a former appeal to this court, in 116 Wis. 392, 89 N. W. 538, 92 N. W. 246, and need not be repeated here. Upon that appeal the judgment of the circuit court was reversed, "and the cause remanded with directions to decide the question of fact suggested as being yet unsolved, and then render judgment in accordance with" the opinion of this court.

After the case was remitted to the circuit court and duly filed, the court, by consent and appearance of the parties, tried the question submitted for a decision in the opinion of this court, upon the bill of exceptions settled on the former appeal and the testimony of the respondent as it was taken in the form of question and answer in the reporter's minutes at the trial originally had in the circuit court. Upon this record the circuit court filed its findings of fact as follows:

"That in view of all the evidence in the case bearing upon the question, and the assurance contained in the letter which accompanied the policy, the plaintiff [respondent] was fully justified in believing, without examining the policy sent him, that it was the one promised him and the one which he had agreed to take, and his failure to read the policy sent him, when received, or soon thereafter, is excusable and not negligence"—

and thereupon accordingly adjudged that:

"The plaintiff is entitled to recover of the defendant the sum of two hundred sixty-five dollars, and interest thereon at the rate of six per cent. per annum from the 5th day of October, 1897, together with the costs of this action."

A judgment was entered in respondent's favor and against appellant for the sum of $1,488.22 damages and costs. This is an appeal from that judgment.

For the appellant there was a brief by *Fethers, Jeffris & Mouat,* and oral argument by *M. G. Jeffris* and *M. O. Mouat.*

For the respondent there were briefs by *Ruger & Ruger,* and oral argument by *Wm. Ruger.*

SIEBECKER, J. On the former appeal of this case to this court, it was said that, upon the record as it then stood, it did "not appear, as matter of law, that *Bostwick* was chargeable with knowledge of the fraud found to have been practiced upon him till he obtained actual knowledge thereof. That leaves the question whether he ought to have read his policy when he received it, notwithstanding the assurances accompanying it, one of the facts not covered by the finding. It must be solved before a complete disposition of the case can be made."

It was furthermore held that respondent's responsibility in the matter must be tested by what persons of ordinary care generally do under like or similar circumstances. The court particularly specifies the material and necessary question of fact which then remained unsolved and undetermined upon the trial in the lower court. This conclusion was reached after a painstaking study of the issues, in view of the evidence, which is the same as the evidence now before us. The fact that some of respondent's testimony has been re-examined by the trial court, and is now returned as a supplemental bill of exceptions, in the form of questions and answers. taken from the minutes of the official court reporter, can in no way present a different record or state of facts from that upon which the former decision was based.

Upon that appeal it was held that since it appeared that "the unsolved issue of fact might go either way," leaving the situation of such doubtful character that, if resolved by this court, an injustice might be done the parties, no judgment would be directed to be entered by the trial court, but the trial court would be required to pass upon such issue, and then render judgment accordingly, under the law as indicated

in the opinion. The case upon this appeal therefore rests upon the same evidence and record, except the additional finding and the modification of the judgment, as that of the former. The contention, therefore, that the judgment now appealed from, is predicated upon a question not determined, is not well founded. All questions involved in this appeal were presented and necessarily involved in the judgment rendered in the former appeal, and must be held final and binding upon this court as well as upon the trial court. "Whether the decision was rightly or erroneously pronounced is no longer debatable," and for the purposes of this case all questions involved within it are irrevocably settled. The finding of the trial court that respondent was free from negligence in delaying the examination of his policy established his right to a judgment as awarded by the trial court, under the former decision of this court. *Noonan v. Orton,* 4 Wis. 335; *Case v. Hoffman,* 100 Wis. 314, 75 N. W. 945; *Keystone L. Co. v. Kolman,* 103 Wis. 300, 79 N. W. 224; *Hill v. Am. Surety Co.* 112 Wis. 627, 88 N. W. 642; Van Fleet, Former Adjudication, § 664.

No other questions arise for determination.

*By the Court.*—Judgment affirmed.