HALSEY, Appellant, vs. WAUKESHA SPRINGS SANITARIUM,
imp., Respondent.

*April 20—May 8, 1906.*

*Appeal: Mandate for judgment below must be followed.*

Where a judgment is reversed and the cause remanded to the trial
court for further proceedings and to render judgment in favor
of a party in accordance with the opinion of the appellate court,
the lower court has no authority to reframe the pleadings as to
any issue and retry them. It can only render judgment as
directed.

APPEAL from a judgment of the circuit court for Waukesha
county: JAMES J. DICK, Circuit Judge. *Reversed.*

After the filing, on a former appeal of the case (125 Wis.
311, 104 N. W. 94), of the *remittitur* from this court, the
trial court permitted defendant to amend the answer, and reconsidered the evidence which was included in the bill of ex-

ceptions prepared for the former appeal, and which was offered upon the question of the amount to be deducted from plaintiff's claim for his failure to furnish defendant a mixing table as prescribed by the specifications. Upon such proceedings. the court rendered judgment deducting $480 from plaintiff's claim instead of $150, the amount claimed by defendant in its original answer and contention before this court on the former appeal. The mandate of this court under the former decision was: "Judgment reversed, with directions to take further proceedings and render judgment in plaintiff's favor in accordance with the foregoing opinion." This is an appeal from that part of the judgment allowing such deduction, entered after *remittitur* on the former appeal.

For the appellant there was a brief signed by *C. H. Hamilton* and *Howard Van Wyck,* attorneys, and *Timlin & Glicksman,* of counsel, and oral argument by *J. J. Cook.*

For the respondent there was a brief by *Tullar & Lockney* and *Ryan, Merton & Newbury,* and oral argument by *D. S. Tullar* and *E. Merton.*

SIEBECKER, J.   One of the questions presented by the former appeal was the amount defendant should be allowed against the claim made by the plaintiff as a credit for the failure to furnish a mixing table according to the specifications. Under the decision rendered therein by this court it became necessary to determine whether or not defendant was entitled to a credit for this table, which credit had not been allowed by the plaintiff under the demand of his complaint. This court, in passing on that question in the former decision, said:

"The item of $150 deduction for a mixing table, rejected by the architect as not in accord with specifications, cannot be allowed, although there is much evidence to dispute the architect's decision. On that subject he did act within his agreed jurisdiction, and his ruling is conclusive. There is no evidence to support any other deductions from the amount demanded by the complaint."

In actions of this kind it is clearly the well-established rule that, where the judgment is reversed and the cause remanded to the trial court for further proceedings and to render judgment in favor of a party in accordance with the opinion in the cause, it has no authority to reframe the pleadings as to any issue and retry them. The only course open to it is to render judgment in accordance with the opinion of this court. Whether the judgment was rightly or erroneously pronounced is no longer debatable, and for the purposes of the case all questions involved in it are irrevocably settled. The circuit court clearly exceeded its authority in permitting the pleading to be amended and in retrying this question. *Whitney v. Traynor,* 76 Wis. 628, 45 N. W. 530; *Ean v. Chicago, M. & St. P. R. Co.* 101 Wis. 166, 76 N. W. 329; *Ledebuhr v. Wis. T. Co.* 115 Wis. 214, 91 N. W. 1012; *Bostwick v. Mut. L. Ins. Co.* 122 Wis. 323, 99 N. W. 1042.

*By the Court.*—The part of the judgment appealed from is reversed, and the cause remanded with directions to the court to enter judgment in accordance with the opinion of this court upon the former appeal in this action.