MONAHAN, Respondent, vs. FAIRBANKS-MORSE MANUFACTURING COMPANY, Appellant.

*September 17—October 8, 1912.*

*Appeal: Disposition of cause: Directing judgment: Conclusiveness of mandate: New appeal by other party: Bill of exceptions.*

1. Upon appeal, this court considers not only the questions arising upon the assignments of errors, but also, under sec. 3071, Stats. (1898), what disposition shall be made of the cause if any of such assignments are sustained; and counsel should present facts or argument, based upon the record, which might guide the court in the matter of such disposition.

2. The mandate of this court is conclusive upon both parties, not only as to matters actually presented to this court upon the appeal, but also as to all other matters which, consistently with legal rules, might have been presented; and where it directs the entry of final judgment by the court below there can ordinarily be no other or further proceedings in that court than to enter the judgment directed.

3. Where, in an action based on negligence, a special verdict found in plaintiff's favor upon all issues, but the trial court changed one answer therein so as to make it a finding of contributory negligence, and upon the verdict so changed granted judgment for the defendant, and on appeal by the plaintiff such judgment was reversed and the cause remanded with direction to restore

Monahan v. Fairbanks-Morse Mfg. Co. 150 Wis. 512.

the answer which had been changed and to render judgment for plaintiff for the damages found, the defendant could not thereafter, upon a new appeal, urge that the damages were excessive or that the trial court had erred in its rulings or instructions.

4. Since in such case a new appeal by defendant would be futile, there was no error in refusing to permit him to amend the bill of exceptions or to settle a new one for the purposes of such an appeal.

APPEAL from a judgment and an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The appeal is by defendant from a judgment of the circuit court, also from an order refusing leave to settle a bill of exceptions and refusing leave to amend a bill of exceptions formerly settled by the plaintiff upon a prior appeal in this cause.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich & Avery,* and oral argument by *M. O. Mouat* and *O. A. Oestreich.*

TIMLIN, J. This cause was formerly brought here on appeal by the plaintiff from a judgment against him. A jury had by special verdict found the negligence of the defendant and that such negligence caused an injury to plaintiff which damaged the latter in the sum of $8,000, and also finding that plaintiff was free from contributory negligence. This verdict as returned by the jury was in all respects sufficient upon its face to support a judgment for the plaintiff in the sum of $8,000. The defendant moved to change the answers of the jury to each question in the special verdict so as to substitute answers contrary to those found by the jury, and in the alternative, in case said motion should be denied, to set aside the verdict and grant a new trial because of alleged errors in

receiving and rejecting evidence and in instructing the jury, and because the verdict was contrary to the evidence and the damages were excessive. The trial court granted this motion, but only so far as to change the answer of the jury to the sixth question of the special verdict from No to Yes; that is, from a finding of no contributory negligence to a finding of contributory negligence. With the sixth question answered in the affirmative the defendant was entitled to judgment notwithstanding its negligence and the consequent injuries to the plaintiff were found. The trial court granted such judgment, and from that judgment the plaintiff took the appeal which is reported in 147 Wis. at page 104 (132 N. W. 983). This court reversed the judgment of the trial court, permitted the answer of the jury to the sixth question to stand, and remanded the cause with directions to render judgment for plaintiff ·for the damages found. When plaintiff's counsel moved the trial court for such judgment after the cause was remitted to that court, the defendant sought to have a new trial granted upon the ground of excessive damages, insufficiency of evidence, and erroneous rulings and instructions, and to that end proposed a bill of exceptions which the trial judge refused to allow, and also sought to amend the former bill of exceptions, which was also refused, the trial judge holding that by the mandate from this court final judgment must go for the plaintiff and no other disposition of the cause was possible or permissible.

The only question presented to this court upon the former appeal in the printed briefs and arguments was the correctness of the ruling of the trial court changing the answer of the jury as stated. The appellant assigned "error in refusing to direct judgment on said verdict. . . . In granting defendant's motion to strike out the negative answer to question 6 of the special verdict and to answer said question in the affirmative. . . . In directing judgment for said defendant," etc.

Monahan v. Fairbanks-Morse Mfg. Co. 150 Wis. 512.

The jurisdiction of this court upon appeal is defined by sec. 3071, Stats. (1898), as follows:

"Upon an appeal from a judgment or order or upon a writ of error the supreme court may reverse, affirm or modify the judgment or order, and as to any or all of the parties; and may, if necessary or proper, order a new trial. . . . In all cases the supreme court shall remit its judgment or decision to the court from which the appeal or writ of error was taken, to be enforced accordingly; and if from a judgment, final judgment shall thereupon be entered in the court below, in accordance therewith, except where otherwise ordered."

That appeal presented the question whether there was uncontroverted evidence of contributory negligence, which alone would authorize the trial court to change the answer of the jury to the sixth question. Upon that appeal by plaintiff assigning error as stated it would have been no answer to this claim of error to aver that the damages found by the jury were excessive or that the trial court erred in its instructions to the jury. Such matters would have been wholly irrelevant in the discussion of the question aforesaid. But under the statute last quoted this court is charged with the duty of considering upon appeal not only the question of the correctness of the rulings below upon which error is assigned, but also what disposition shall be made of the cause in case such rulings are found to be incorrect. Shall the cause be remanded with directions to enter judgment for the party prevailing in this court, or remanded for further proceedings according to law, or remanded for a new trial either absolutely or in the discretion of the court below? We can in no way avoid the consideration of these questions when presented. It is one of the fundamental maxims of the law that public interest requires the termination of litigation and that suits be not strung along by successive appeals for years. Considerable delay in legal proceedings is unavoidable. But the fundamental rules of law forbid the establishment of such rules of

procedure as will increase these delays or multiply appeals. The litigant in this court is concluded by the mandate of this court as to all matters actually presented or which might consistently with legal rules have been presented to this court upon appeal.    This and more has been often said by the court. *Kuenzli v. Burnham,* 124 Wis. 480, 102 N. W. 940, and cases cited; *Everett v. Gores,* 92 Wis. 527, 66 N. W. 616; *Halsey v. Waukesha Springs Sanitarium,* 128 Wis. 438, 107 N. W. 1.    Whether or not judgment should have been ordered for the plaintiff or a new trial awarded was a proper subject for the consideration of this court on the former appeal. Had the reasons now presented been then laid before this court it is possible that the cause would have been remanded for a new trial.    But the rules of law, founded in sound public policy, require that the integrity and binding force of final judgments be upheld.    The statute quoted says in effect that final judgment shall follow in the court below unless otherwise ordered.    It is argued that it is illogical or absurd to require counsel, when upholding the ruling of the court below, believing it right and contending for his belief, to present facts or argument which might guide this court in the disposition of the cause if the court found counsel wrong.    It does not seem so to us.    But whether or no, this result can in no way be avoided when acting under a statute which requires several different directions to the court below concerning the further proceedings in a cause depending upon the condition of the record with reference to other matters than those which are directly challenged by the appeal.    For illustration see *Fleming v. Northern T. P. Mill,* 135 Wis. 157, 114 N. W. 841.    It will be well for members of the legal profession to keep in mind that this question is constantly coming before this court, and make suggestions based upon the record concerning the proper disposition of the cause in the event of reversal of the judgment of the trial court.    A bill of exceptions in this

cause would be as futile as an appeal. So there could be no error committed in refusing to settle a bill of exceptions or amend the former bill. There could be no other judgment than the final judgment required to be entered by the mandate upon the former appeal.

*By the Court.*—Judgment and order affirmed.