CARTHEW, Respondent, vs. CITY OF PLATTEVILLE, Appellant.

*May 1—May 21, 1914.*

*Nuisances: Abatement: Damages: Action, at law or in equity? Misjoinder of causes: Municipal corporations: When claims, etc., need not be presented.*

1. An action under sec. 3180, Stats. 1911, to abate a continuing nuisance and to recover damages for the injuries already suffered is an equitable action.  KERWIN and TIMLIN, JJ., dissent.
2. The fact that two kinds of relief are asked for in such action does not render the complaint demurrable on the ground that several causes of action have been improperly united.

3. Sec. 925—58, Stats., providing that no action shall be maintained against a city "upon any claim or demand of any kind or character whatsoever" until the claim or demand shall first have been presented to the council and disallowed, does not apply to an action for equitable relief, even though full relief therein will include money damages.

APPEAL from an order of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Suit in equity to abate a nuisance and to recover damages. The substance of the complaint is to the effect that the defendant city has unlawfully, wilfully, and negligently permitted filthy sewage to flow from a septic tank belonging to its sewage system upon the lands of the plaintiff, thereby contaminating the water thereon which had theretofore been used by his cattle for drinking, and otherwise injuring his land, and that it will continue to do so in future unless restrained by the court.

The defendant demurred to the complaint on the ground that several causes had been improperly united, namely, a cause of action for damages maintainable only upon an appeal from the disallowance of a claim therefor filed pursuant to secs. 925—58 to 925—60, Stats. 1911, and a cause of action in equity to abate a nuisance. It also demurred to that part of the complaint stating a cause of action for damages on the ground that the court had jurisdiction of such a cause of action only upon an appeal from a disallowance or nonallowance by the common council of a claim therefor filed as provided in secs. 925—58 to 925—60, Stats. 1911. The court overruled the demurrer and the defendant appealed.

*R. A. Goodell,* for the appellant.

*Calvert Spensley,* for the respondent.

VINJE, J. The complaint states a good cause of action under sec. 3180, Stats. 1911, and is clearly not subject to demurrer on the ground that several causes of action have

been improperly united in that it asks for damages as well as for the abatement of the nuisance. The statute expressly gives circuit courts jurisdiction of actions "to recover damages for and to abate private nuisances or a public nuisance from which any person suffers a private or special injury peculiar to himself." The statute does not contemplate that separate suits should be brought for damages and for the abatement of the nuisance, nor has such been the practice. *Karns v. Allen,* 135 Wis. 48, 115 N. W. 357. It is quite obvious that there is here only one cause of action stated in the complaint, only one subject matter of litigation, namely, the damage resulting to plaintiff from the alleged wrongful flow of sewage from the septic tank. Relief as to future damages is sought through an abatement of the nuisance, as to past damages by way of money compensation. Diversity of relief does not imply diversity of causes of action. *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125, 79 N. W. 229; *Herman v. Felthousen,* 114 Wis. 423, 90 N. W. 432; *Simon v. Weaver,* 143 Wis. 330, 127 N. W. 950. The cause of action stated is an equitable one. Sec. 3180, Stats. 1911; *St. Croix C. C. Co. v. Musser-Sauntry L., L. & M. Co.* 145 Wis. 267, 130 N. W. 102. The complaint alleges the injury is continuous. Previous to the enactment of ch. 190, Laws of 1882, sec. 3180 [R. S. 1878] ended with the words "and to grant injunctions to prevent the same," in the fourth line, and it was held in a number of cases beginning with *Remington v. Foster,* 42 Wis. 608, and ending with *Stadler v. Grieben,* 61 Wis. 500, 21 N. W. 629, that an action under it was an action at law, and that the statute abrogated the equitable remedy of a private party to have a nuisance abated. To restore the equitable remedy, ch. 190 of the Laws of 1882, which is the rest of the section as it now stands, was passed. This chapter expressly restored the equitable remedy of abating a nuisance in all cases coming within the calls thereof. *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218, 221,

15 N. .W. 158; *Stadler v. Grieben,* 61 Wis. 500, 21 N. W. 629. And equitable actions have since been maintained under it. *Fraedrich v. Flieth,* 64 Wis. 184, 25 N. W. 28; *Rogers v. John Week L. Co.* 117 Wis. 5, 10, 93 N. W. 821; *Karns v. Allen,* 135 Wis. 48, 115 N. W. 357; *St. Croix C. C. Co. v. Musser-Sauntry L., L. & M. Co.* 145 Wis. 267, 130 N. W. 102. As an incident to a part of the proper relief money damages are asked, but that fact does not change the nature of that cause of action. It still remains a suit in equity.

So far as material upon this appeal, the only provision in the statutes referred to in the statement of facts is the following from sec. 925—58:

"No action shall be maintained by any person against any city organized under the provisions of this chapter upon any claim or demand of any kind or character whatsoever, until he shall have first presented his claim or demand to the council for allowance and the same shall have been disallowed in whole or in part."

It has been held that such statutory provisions do not apply to an action for equitable relief. *Pinkum v. Eau Claire,* 81 Wis. 301, 51 N. W. 550; *Davis v. Appleton,* 109 Wis. 580, 85 N. W. 515. This is such an action. The fact that in order to grant the full relief to which plaintiff may be entitled money damages are awarded does not bring it within the statute. Such relief flows out of the main cause of action as an appropriate incident thereto. A suit in equity may require many forms of relief, including an award of money damages. The nature of the suit is not destroyed or affected by the forms of relief granted.

*By the Court.*—Order affirmed.

Kerwin, J. (*dissenting in part*). I dissent from so much of the majority opinion as holds that the action is in equity. The statute plainly provides for an action at law to recover

damages and to abate a private or public nuisance, and when equitable relief is necessary, for an equitable action.

"Sec. 3180. The circuit courts shall have jurisdiction of actions to recover damages for and to abate private nuisances or a public nuisance from which any person suffers a private or special injury peculiar to himself, so far as necessary to protect the rights of such person, and to grant injunctions to prevent the same; and in case such nuisance may work an irreparable injury, interminable litigation, a multiplicity of actions, or either, or the injury is continuous and constantly recurring, or there is not an adequate remedy at law, or the injury is not susceptible of adequate compensation in damages at law, then an action in equity may be maintained and an injunction be issued therein, and an equitable action may be brought before the nuisance or the infringement of plaintiff's right is established at law."

In the instant case it is plain from the allegations of the complaint that the remedy at law under the statute to recover damages and for the abatement of the nuisance is adequate and complete. The complaint is barren of allegation necessary to make an equitable cause of action. The relief asked and which can be afforded at law is as full, complete, and adequate to the ends of justice as could be afforded in equity. The mere fact that the statute gives injunctive relief pending the action does not turn an action at law for damages and to abate a nuisance into an equitable action. Either party is entitled to a jury trial on the question of damages when the case is brought under the first part of the quoted statute.

Mr. Justice TIMLIN, I am authorized to say, concurs in this dissent.