TOMBERLIN, Respondent, vs. CHICAGO, ST. PAUL, MINNE-
APOLIS & OMAHA RAILWAY COMPANY, Appellant.

*January 11—April 11, 1933.*

For the appellant there were briefs by *W. T. Faricy, Warren Newcome,* and *Alfred E. Reitz,* all of St. Paul, Minnesota, and *Wilcox & Wilcox* of Eau Claire, and oral argument by *Roy P. Wilcox* and *Francis J. Wilcox.*

*W. K. Parkinson* of Phillips, for the respondent.

The following opinion was filed February 7, 1933:

PER CURIAM. The defendant is here upon this appeal with the claim that it has been deprived of its constitutional right to a jury trial both under the state and federal constitutions. This is supported by an argument that an essential element of such constitutional jury trial is that the trial judge passed upon the sufficiency of the evidence to sustain the verdict of the jury with respect to every issuable fact, including damages. Upon the trial the jury returned a verdict acquitting the plaintiff of contributory negligence and finding the defendant negligent and assessing the damages. Thereupon the defendant moved for a judgment notwithstanding the verdict and in the alternative for a new trial. Upon these motions the trial court filed a written opinion in which it held that the plaintiff was guilty of contributory negligence as a matter of law. Thereupon a formal order was entered as follows:

"(1) That the plaintiff's motion for judgment be and it is hereby denied.

"(2) That the defendant's motions after verdict all be denied, except the motion for judgment of no cause of action notwithstanding the verdict, which is granted.

"Let judgment be entered accordingly."

When the cause reached this court the judgment entered pursuant to the order dismissing plaintiff's complaint was affirmed. Upon a motion for a rehearing this court was of the view that it had not applied the correct rule of law to the facts, which were in the main undisputed, and the judgment was reversed as to the plaintiff "and cause remanded with instructions to enter judgment in favor of the plaintiff upon the verdict of the jury." The record having been remitted to the trial court in due course, thereupon the defendant moved the trial court as follows:

"(1) To vacate that portion of its order herein, dated June 21; 1930, in the words and figures following, to wit:

" '(2) That the defendant's motions after verdict all be denied, except the motion for judgment of no cause of action notwithstanding the verdict, which is granted.

" 'Let judgment be entered accordingly,'—
and to now consider upon the merits the defendant's said alternative motions for new trial in the order and upon the grounds stated in said motion above referred to, which was filed by it on June 3, 1930.

"(2) To now consider upon the merits, regardless of whether the court vacates its said order dated June 21, 1930, each of the defendant's said alternative motions for new trial in the order and upon the grounds stated in said motion above referred to, which was so filed by it on June 3, 1930."

The defendant then set out the specific grounds upon which it based its motions and then continued:

"Defendant further moves the court that, in the event that the court should be of opinion that it is concluded and prevented by the mandate of the supreme court of Wisconsin herein, from granting any of the relief, or taking any of the actions hereinbefore requested and moved to be taken by defendant, that the court, in its opinion and order entered

herein, state that it would grant such relief if it were not so precluded and prevented from so doing, or state that it deems itself precluded and prevented from taking any action thereon because of the said mandate of said supreme court of Wisconsin."

In response to this motion the court filed an order. Among other recitals were the following:

"It is my opinion that the trial court now is without power to pass upon any motions for a new trial, but is bound by the direction of the supreme court in its last mandate, directing this court to enter judgment in favor of the plaintiff upon the verdict of the jury. This court has not and does not now pass upon the merits of the motions for a new trial."

Judgment was ordered for the plaintiff. The trial court correctly held that no further proceeding could be taken in the circuit court and that it was its duty to enter final judgment in accordance with the mandate of this court. *Miner v. Medbury,* 7 Wis. 100; *Smith v. DeWolf,* 158 Wis. 662, 149 N. W. 492.

With respect to a judgment of the circuit court entered pursuant to a mandate of this court, the only question which remains open for consideration is whether or not the judgment entered is in accordance with the mandate. In this case it is not claimed the judgment entered is not according to the mandate, but it is sought to litigate questions which were presented by the record when it was here upon the former appeal. This cannot be done. From an early day it has been held that where a judgment is entered in the trial court in accordance with the mandate of this court, an appeal from that judgment will be dismissed. *Patten Paper Co. (Ltd.) v. Green Bay & M. Canal Co.* 93 Wis. 283, 66 N. W. 601, 67 N. W. 432, and cases cited; *Falk v. Tax Commission,* 204 Wis. 518, 235 N. W. 925.

While we cannot reverse the judgment, in view of the argument made here that the defendant has been deprived

of its right to a jury trial in violation of sec. 5, art. I, of the Wisconsin constitution and the seventh amendment to the constitution of the United States, we desire to say that the defendant seasonably made a motion for a new trial. The motion for judgment notwithstanding the verdict does not preclude a motion for a new trial. 2 Thompson, Trials (2d ed.) p. 1990, § 2726 and cases cited. Had the trial court been so minded it might have set aside the verdict as well as have directed judgment notwithstanding the verdict. The trial court evidently was of the view that the verdict was supported in other respects if the plaintiff was not guilty of contributory negligence as a matter of law. In recent years it has become a common practice, although a practice which was at one time criticized, for trial courts to take the verdict of a jury withholding decision on questions of law raised on motions to direct a verdict so that if the trial court should be of opinion that the verdict should not have been directed, or if on appeal this court should hold the direction of verdict to be erroneous, the parties will not be put to the expense of a new trial. This has long been the accepted practice. There is nothing in this record to indicate that that was not the practice followed in this case. We cannot speculate on what the trial court would have done had he had a different view of the law at the time he granted the motion for judgment notwithstanding the verdict.

Appeal dismissed.

On April 11, 1933, a motion for a rehearing was denied, with $25 costs, and on April 26th the following memorandum was filed:

PER CURIAM. Upon motion for rehearing we are urged to clarify the practice indicated in the original opinion. The situation presented in this case will not arise in subsequent cases. Under the statute, all motions made for a new trial are deemed denied unless decided within sixty days.

Under the rule recently adopted, if there is a reversal and the trial court has not passed upon the motion for a new trial, the cause may be remanded to the trial court for that purpose. It appears to us that this fully cares for the situation and is a sufficient clarification of the procedure. There are at least a number of cases in which trial courts, where motions have been made in the alternative, have indicated disposition of the motions made in the event that the first one granted should be reversed on appeal. We see no objection to that practice by trial courts.