STATE EX REL. LITTIG, Petitioner, vs. SUPERIOR COURT OF DANE COUNTY and another, Respondents.

*March 7—April 11, 1939.*

*Wm. R. Curkeet* and *Spencer A. Lucas,* both of Madison, for the petitioner.

*Dudley H. Davis* and *D. V. W. Beckwith,* both of Madison, for the respondents.

FRITZ, J.   The relator Elsie Littig seeks a writ of prohibition to enjoin further proceedings pursuant to an order to show cause dated January 7, 1939.   The order was issued in an action in the superior court of Dane county in which the relator was the plaintiff and Lawrence Littig was the defendant.   In that action a judgment for divorce and the payment of alimony to the relator was entered on June 8, 1934; and on June 30, 1938, the court modified the judgment by ordering a division of property in lieu of further alimony. Upon an appeal from that order it was reversed on December 6, 1938, by a mandate which reads:

"Order reversed, and cause remanded with directions to set aside the order appealed from.   Plaintiff to have her costs in this court."   *Littig v. Littig,* 229 Wis. 430, 439, 282 N. W. 547.

In the opinion filed in that connection we said (pp. 437, 438):

"A review of the evidence discloses that the defendant's financial condition has not changed to any great extent since the date of the decree of divorce.   While his actual income has increased his expenses have similarly increased, and it appears to the court that it is not at all likely there will be any

change in the financial affairs of the parties if the present situation continues to prevail. . . . The defendant concededly has little, if any, property which could be divided. He has, however, a salary of $6,000 per year. Under such circumstances, it should not be held that the defendant's duty to support the plaintiff may be discharged by paying to her the sum of $1,000 as and for a final division of his property. . . . While the amount of an allowance for the support and maintenance of a divorced wife is generally a matter resting in the discretion of the court, is variable, revocable, and subject to the continuing authority of the court to change it, ordinarily it should not be changed, especially where the amount thereof has been stipulated, unless there has occurred a substantial change in the premises on which it was originally granted. . . . Upon the return of the record to the trial court, the defendant should be ordered to pay to the plaintiff or to her attorneys an amount deemed reasonable by the trial court for the services rendered in preparing for and appearing at the hearing on the order."

Pursuant to that mandate, the superior court entered an order on January 11, 1939, setting aside its order of June 30, 1938. The order to show cause, dated January 7, 1939, was issued upon an affidavit made by Lawrence Littig's attorney, in which he said that, although the supreme court had stated that the payment of $1,000 was not enough on a division of estate, it had not stated what would be sufficient as a division of estate, and what would be reasonable as fees to be paid to plaintiff's attorneys; and further said that it was necessary to take testimony to determine those questions. There is no statement in that affidavit that there has been any change since the entry of the order of June 30, 1938, in relation to the material facts or circumstances upon which the trial court then ordered a division of estate. Upon but that showing the superior court on January 7, 1939, ordered Elsie Littig to show cause why testimony should not be taken and a determination made of a sum which would constitute a fair and equitable but full, final, and complete division of the estate

in lieu of alimony; what will constitute a reasonable amount to be paid plaintiff's attorneys for their services and appearance in relation to the order entered June 30, 1938; and why payment of a final division and attorney's fees should not be ordered.

In so far as the respondents proposed to proceed, pursuant to the order to show cause to have the superior court determine what will be a reasonable amount and should be ordered paid for the services rendered by Elsie Littig's attorneys in preparing for and appearing at the hearing which resulted in the order of June 30, 1938, the proposed proceeding was within the power of the superior court, and in accord with our direction in the opinion filed on December 6, 1938, in respect to ordering the payment of such fees. Consequently, the relator is not entitled to have a writ of prohibition restraining the court from proceeding in that respect. However, in so far as the respondents proposed to proceed to take testimony and have a determination as to a final division of estate, it must be noted that there can be no determination or change, either by way of alimony or a division of property, in the amount ordered to be paid by the judgment for the support and maintenance of the plaintiff "unless there has occurred a substantial change in the premises on which it was originally granted." Under and by reason of the decision and mandate filed on December 6, 1938, the reversal of the order of June 30, 1938, must be considered a final—*res adjudicata*—determination that the proof had not established, and that consequently there had not occurred up to the date of that order, any such substantial change in the premises as to warrant a change in the provisions of the judgment in respect to the payment of alimony instead of a division of property, and the amount of alimony ordered to be paid. The issues involved in determining that no sufficiently substantial change in the premises had occurred up to June 30, 1938, cannot be tried again in the lower court. *Patten Paper*

*Co. v. Green Bay & Mississippi Canal Co.* 93 Wis. 283, 66 N. W. 601, 67 N. W. 432; *Halsey v. Waukesha Springs Sanitarium,* 128 Wis. 438, 440, 107 N. W. 1; *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 211 Wis. 144, 147, 246 N. W. 571, 248 N. W. 121. As this court has said, "whenever legal propositions are laid down upon an appeal to this court, they become the law of the case upon all future trials or appeals." *Lamb v. Shoemaker,* 185 Wis. 323, 325, 200 N. W. 379. A litigant "is concluded by the mandate of this court as to all matters actually presented or which might consistently with legal rules have been presented to this court upon appeal." *Monahan v. Fairbanks-Morse Mfg. Co.* 150 Wis. 512, 516, 137 N. W. 748. See also *Bentson v. Brown,* 191 Wis. 460, 211 N. W. 132. Inasmuch as there were no facts in the affidavit upon which the order of January 7, 1939, was based showing that there had been any substantial change since June 30, 1938, in the premises upon which the judgment was originally based, there was no sufficient basis for ordering that Elsie Littig show cause why testimony should not be taken and a determination made as to the sum which would constitute a final division. In the answer filed in this original action, Lawrence Littig alleged that "the financial condition, earning ability and status of the parties . . . have undergone a material change" since June, 1938. No facts are alleged to support or warrant that conclusion, but if upon a properly instituted hearing on that issue there is competent evidence establishing that conclusion, then it would be within the jurisdiction and power of the superior court to determine that issue.

*By the Court.*—Relator's prayer for a writ of prohibition is denied.