LITZEN, Appellant, vs. EGGERT and another, Respondents.

*March 13—June 12, 1941.*

For the appellant there were briefs by *Wallrich & Aschenbrener,* and oral argument by *L. J. Brunner,* all of Shawano.

For the respondents there were briefs by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *A. W. Parnell.*

The following opinion was filed April 15, 1941:

Fritz, J.    On this appeal the appellant, Floyd L. Litzen, contends that the court erred (1) in submitting to the jury the question of assumption of risk as to lookout; (2) in refusing to give plaintiff's requested instruction regarding a guest's assumption of his host's negligent lookout; and also (3) in entering judgment dismissing plaintiff's complaint. On the other hand, the respondents, Alfred Eggert and his insurer, contend that Litzen's appeal is improper and must be dismissed; that his remedy if any is by *mandamus;* that the mandate upon the first appeal has become the law of the case and that the verdict is no longer open to question or attack. Respondents' contentions must be sustained.

The first and the second errors assigned by appellant on this appeal are in relation to rulings during the course of the trial as to which Litzen could have had a review if he had noticed a motion for that purpose or taken a cross-appeal on the first appeal, instead of seeking then, as he did, to have this court affirm the order granting the new trial.    Upon the determination of that appeal by the mandate reversing the order granting the new trial in each case and directing the entry of judgment upon the verdict as rendered, there was no longer open for consideration by the trial court any other question presented by the record which could have been litigated upon that appeal.    *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 211 Wis. 144, 246 N. W. 571, 248 N. W. 121; *State ex rel.*

*Roberts Co. v. Breidenbach,* 222 Wis. 136, 266 N. W. 909; *State ex rel. Littig v. Superior Court,* 231 Wis. 58, 285 N. W. 419; *Monahan v. Fairbanks-Morse Mfg. Co.* 150 Wis. 512, 137 N. W. 748. Upon the entry of judgment subsequent to the mandate the only question which can be reviewed by this court is whether the judgment entered is in accordance with the mandate. If the trial court did not follow the mandate in entering the judgment, the remedy of the party aggrieved is not by an appeal,—but solely by *mandamus.* As we said in *Barlow & Seelig Mfg. Co. v. Patch,* 236 Wis. 223, 225, 295 N. W. 39, "The sole remedy of defendant is an original action invoking the supervisory power of this court to compel the lower court to follow its mandate. *Falk v. Wisconsin Tax Comm.* 204 Wis. 518, 235 N. W. 925; *Miswald-Wilde Co. v. Armory Realty Co.* 213 Wis. 354, 251 N. W. 450." Consequently, unless and until such supervisory power is invoked there can be no review in relation to the assignment of error that the court erred in entering judgment dismissing plaintiff's complaint.

*By the Court.*—Appeal dismissed.

A motion for a rehearing was denied, with $25 costs, on June 12, 1941.