STATE EX REL. LISBON TOWN FIRE INSURANCE COMPANY, Petitioner, vs. CROSBY, Circuit Judge, Respondent.

*February 13—March 10, 1942.*

For the petitioner there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, *C. E. Macomber* of New Lisbon, and *W. A. McNown* of Mauston, and oral argument by *Harold M. Wilkie* and *W. E. Torkelson* of Madison.

For the respondent there was a brief by *Curran & Curran* of Mauston, and oral argument by *Charles P. Curran*.

Fritz, J.   In the complaints in each of three actions, which the relator, Lisbon Town Fire Insurance Company, brought as plaintiff against Ernest E. Tracy, Hans Lund, and William J. Troy, respectively, it prayed for judgment for the specified amount of an assessment with interest "together with all legal costs and charges incurred in maintaining this action, together with its taxable costs and disbursements."   On the appeals from judgments dismissing the complaints, the mandate of this court in *Lisbon Town Fire Ins. Co. v. Tracy,* 236 Wis. 651, 661, 296 N. W. 126, reads:

"Judgments reversed, and causes remanded with directions to enter judgments in accordance with the prayer of the complaint in each action."

After return of the record to the circuit court, the relator moved, as the plaintiff in each case, for judgment in accordance with the prayer of the complaint, including the recovery of $234.44 as the *pro rata* share of legal costs and charges incurred by plaintiff in collecting the assessment in each case. Plaintiff based its claim for the recovery of that item on sec. 202.09, Stats. 1925, as construed and applied in the opinion filed in connection with the mandate quoted above.   That statute reads:

"Every person to whom any such policy is issued shall be deemed a member of such corporation, and shall give his undertaking, bearing even date with such policy, binding himself, his heirs, and assigns to pay his *pro rata* share to the corporation of all losses or damages which may be sustained by any member thereof, and of its necessary business expenses, together with all legal costs and charges incurred in case legal proceedings are commenced to collect any assessment made upon him. . . ."

And in respect thereto we said in the opinion (p. 654),—

"By the contracts which existed under each defendant's application for insurance and the provisions of sec. 202.09, Stats. 1925, he was liable to plaintiff on assessments levied to pay his *pro rata* share of all losses payable under policies of insurance issued by plaintiff, and also his *pro rata* share of plaintiff's necessary business expenses, together with the costs and charges incurred in proceedings to collect any assessment."

If, as the defendants now contend, that conclusion was erroneous, and therefore the mandate should not have directed the entry of judgments in accordance with the prayer of the complaints, which included the recovery by plaintiff of all legal costs in maintaining its actions, the defendants' contention would have been considered if presented on a timely motion for a rehearing or a modification of the mandate. In the absence, however, of any such motion, the record was remanded in due course as directed in the mandate; and that terminated the jurisdiction of this court on the appeals.

Upon a motion by plaintiff in the circuit court for the entry of judgments in accordance with the mandate, plaintiff introduced proof as to legal services and charges, aggregating $803.10, incurred by it in the prosecution of the actions in the circuit court and on the appeals. After due consideration the trial court filed a written opinion denying recovery on account of the legal costs and charges, which plaintiff claims to have incurred in collecting the assessments, and ordered

judgment for only the amount of the assessment with interest, and the statutory taxable costs and disbursements ordinarily allowed. The court's denial of recovery for the legal costs and charges incurred by plaintiff was based principally upon the ground that, as an original proposition on the merits, the defendants were not liable because they had not signed an undertaking as broad as the provisions in sec. 202.09, Stats. 1925, which impose liability for those items. In thus denying any recovery for those items and entering judgments, which are contrary to the determination stated in that respect in the opinion filed on the appeal, and are not in compliance with the mandate that judgments be entered in accordance with the prayer of each complaint, the trial court clearly disregarded the well-established rules that "whenever legal propositions are laid down upon an appeal to this court, they become the law of the case upon all future trials or appeals." *Lamb v. Shoemaker,* 185 Wis. 323, 325, 200 N. W. 379; and that "a litigant 'is concluded by the mandate of this court as to all matters actually presented or which might consistently with legal rules have been presented to this court upon appeal.' *Monahan v. Fairbanks-Morse Mfg. Co.* 150 Wis. 512, 516, 137 N. W. 748." *State ex rel. Littig v. Superior Court,* 231 Wis. 58, 62, 285 N. W. 419; *Litzen v. Eggert,* 238 Wis. 121, 297 N. W. 382.

It follows that, because the mandate based upon the propositions determined in the opinion filed therewith has become final and conclusive, in the absence of any modification thereof upon a timely motion for a rehearing, and because the judgments ordered by the trial court do not conform to the mandate, in so far as there is not included therein a provision for the recovery by plaintiff of its legal costs and charges reasonably incurred in maintaining its actions, it is entitled to invoke the supervisory power of this court to compel the trial court by *mandamus* to comply with the mandate in also that respect. *Barlow & Seelig Mfg. Co. v. Patch,* 236 Wis. 223,

295 N. W. 39; *Falk v. Wisconsin Tax Comm.* 204 Wis. 518, 235 N. W. 925.

*By the Court.*—Let a peremptory writ of *mandamus* issue accordingly.