FULLERTON LUMBER COMPANY, Appellant, vs. TORBORG, Respondent.

*December 6, 1956—January 7, 1957.*

For the appellant there was a brief by *Moss & Wickhem* of Janesville, and oral argument by *Howard H. Moss.*

For the respondent there was a brief by *C. C. Mullarkey* of Clintonville, and *Edward J. Hart* of Waupaca, and oral argument by *Mr. Hart.*

Steinle, J.    The defendant contends that since the trial court by its judgment complied exactly with the mandate of

this court which directed only that the trial court determine the extent of time as to which the restrictive covenant is reasonable and necessary for plaintiff's protection, and the enjoining of the defendant from breach of the covenant, it has fulfilled its duty under the law and that it is powerless to properly entertain consideration of the damage issue raised under the pleadings. In support of this position the defendant relied upon sec. 274.35 (1), Stats., and also upon many texts and case authorities to the effect that when a cause is remanded, a trial court has no jurisdiction except to proceed in accordance with the mandate, and that any proceedings contrary thereto must be treated as null and void.

Sec. 274.35 (1), Stats., provides:

"Upon an appeal from a judgment or order or upon a writ of error the supreme court may reverse, affirm, or modify the judgment or order, and as to any or all of the parties; and may order a new trial; and if the appeal is from a part of a judgment or order may reverse, affirm, or modify as to the part appealed from. In all cases the supreme court shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance therewith."

Foremost among the text and case authorities cited by the defendant in support of his position are: 9 Bancroft, Code Practice and Remedies, pp. 9769, 9777, sec. 7429; 3 Am. Jur., Appeal and Error, pp. 730, 731, sec. 1234; 3 Am. Jur., Appeal and Error, pp. 733, 734, sec. 1237; 5 C. J. S., Appeal and Error, pp. 1512, 1513, sec. 1966; *Whitney v. Traynor* (1890), 76 Wis. 628, 45 N. W. 530; *Patten Paper Co. v. Green Bay & Mississippi Canal Co.* (1896), 93 Wis. 283, 66 N. W. 601, 67 N. W. 432; *Bostwick v. Mutual Life Ins. Co.* (1904), 122 Wis. 323, 99 N. W. 1042; *Halsey v. Waukesha Springs Sanitarium* (1906), 128 Wis. 438, 107 N. W. 1, *Monahan v. Fairbanks-Morse Mfg. Co.* (1912), 150 Wis. 512, 137 N. W. 748; *Tomberlin v. Chicago, St. P., M. & O. R. Co.* (1933), 211 Wis. 144, 246 N. W. 571, 248 N. W.

121; *State ex rel. Littig v. Superior Court* (1939), 231 Wis. 58, 285 N. W. 419; *State ex rel. Lisbon Town Fire Ins. Co. v. Crosby* (1942), 240 Wis. 157, 2 N. W. (2d) 700.

These texts and cases indicate that when a case is remanded, the trial court must comply with the mandate of the appellate court, even though there is error therein; that the trial court has no power to retry the case or go back to the evidence produced upon the first trial, and therefrom make additional findings so as to uphold and cure a judgment which has been held erroneous and reverse; that the trial court may not intermeddle with the decree further than to settle so much as has been remanded, without rescission or modification; that the litigant is concluded by the mandate as to all matters presented or which might consistently with legal rules have been presented to the appellate court upon the appeal.

While the principle pointed out by the defendant is correct, it is not applicable to the facts here. The consideration sought by the plaintiff is not inconsistent with the direction of this court's mandate. The rule relevant to the instant matter is stated as follows: Where a mandate directs the entry of a particular judgment, it is the duty of the trial court to proceed as directed. The trial court may, however, determine any matters left open, and in the absence of specific directions, is generally vested with a legal discretion to take such action, not inconsistent with the order of the upper court, as seems wise and proper under the circumstances. 9 Bancroft, Code Practice and Remedies, p. 9770, sec. 7429. On remand the lower court has jurisdiction to take such action as law and justice may require under the circumstances as long as it is not inconsistent with the mandate and judgment of the appellate court. 5 C. J. S., Appeal and Error, p. 1510, sec. 1965. In cases in which the appellate court reverses the decree and remands the cause to the lower court for further proceedings, that court

can carry into effect the mandate of the appellate court only so far as its direction extends; but the lower court is left free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision. 3 Am. Jur., Appeal and Error, p. 729, sec. 1233.

An examination of the record of the trial of this case discloses that some evidence was presented by the plaintiff with respect to the damages alleged to have been sustained. However, the trial court made no finding with respect to damages, and the item of damages was not disposed of by the judgment. Obviously, since the trial court had determined that the restrictive covenant was invalid, it considered that there was no need to rule upon the issue of damages. By its judgment it had ordered the dismissal of the complaint. The sole issue before this court on the first appeal concerned the validity of the restrictive covenant. The item of damages was not referred to by either party on the appeal, nor was it considered or treated in the decision of this court. Until the injunction was issued by the trial court under the direction of this court's mandate, the amount of damage sustained by the plaintiff was unascertainable with respect to its entirety, for neither the counsel nor the court were in a position to have known as to when the injunction would be ordered. We are in accord with the plaintiff's position that the issue of damages entered the case when this court determined that the plaintiff was entitled to injunctional relief. This court's mandate settled for all time the issue of the validity of the restrictive covenant. When, after remand, the trial court determined the time limitation of the covenant, there developed an interlocutory status with respect to the plaintiff's cause of action. Notwithstanding the trial court's declination on December 15, 1955 (the return day of the plaintiff's motion), to fix the time for presentation of further evidence regarding damages, and

despite its ruling that no further evidence would be permitted under the complaint in this action, the trial court intimated that the plaintiff might possibly be entitled to seek damages in another action. The prevention of multiplicity of suits is one of the reasons for the awarding of damages by a court of equity, when it has jurisdiction of a subject matter. *Wright v. Scotton* (1923), 13 Del. Ch. 402, 121 Atl. 69, 31 A. L. R. 1162.

It is well established in this state that if a court of equity takes jurisdiction of a matter, it will retain jurisdiction for the purpose of doing complete justice between the parties, and will in a proper case, not only extend its equitable remedy, but will also permit the recovery of damages. *Mitchell Realty Co. v. West Allis* (1924), 184 Wis. 352, 199 N. W. 390. See also *Carthew v. Platteville* (1914), 157 Wis. 322, 147 N. W. 375; *St. Croix Consolidated C. Co. v. Musser-Sauntry L., L. & Mfg. Co.* (1911), 145 Wis. 267, 130 N. W. 102; *McLennan v. Church* (1916), 163 Wis. 411, 158 N. W. 73; *Dells P. & P. Co. v. Willow River L. Co.* (1919), 170 Wis. 19, 173 N. W. 317.

It is also a rule established by this court that in an equitable action to enjoin future breaches of a contract, the court may also award damages arising from the breach and which occurred during the litigation. *My Laundry Co. v. Schmeling* (1906), 129 Wis. 597, 109 N. W. 540, involved a restrictive covenant in the sale of a business where seller agreed not to compete for a period of five years. When the seller violated the agreement, suit was commenced to enjoin the violation. The trial court held the restrictions reasonable and the contract enforceable. It allowed plaintiff $74 damages because it was compelled to incur extra expense by filling the place of two employees that were hired by the defendant. The award of damages was assigned as error. At page 611, the court said:

"That is predicated on the theory, in part, that the complaint contains no claim for damages, which seems contrary to the fact; and again upon the theory that no damages were recoverable except such as were suffered before the action was commenced. In an action of this sort it is sufficient to allege an actual breach of the agreement and that damages have accrued, or will accrue, unless the court interferes to prevent a continuance of the breach, which will otherwise occur, and allegations otherwise bringing the case under a recognized head of equity jurisdiction. In case of the primary right involved being established in favor of the plaintiff, the court having jurisdiction of the parties and subject matter may properly, in order to do complete justice in the matter, rendering it unnecessary to sue at law for damages happening during the litigation, as ancillary to the principal matter of relief, award plaintiff compensation for such damages. The rule on that subject is quite ancient."

The plaintiff in this action now seeks leave to present evidence unavailable to it at the time of the trial regarding damages, and also to present evidence of damages sustained during the course of litigation and until the injunction was issued. We are of the opinion that the plaintiff is entitled to the consideration which it seeks. There is no need for the commencement of another suit. The granting of the opportunity as requested is in nowise inconsistent with the mandate of this court in the disposition of the issue presented when the case was here the first time and is clearly within the interests of justice under the facts here.

*By the Court.*—That part of the judgment appealed from is reversed, and the cause is remanded for trial upon the issue in the pleadings relating to damages, limited to the period prior to the issuance of the injunction.

BROADFOOT, J. (*dissenting*). This action was brought to obtain an injunction restraining the defendant, a former employee of the plaintiff, from breaching his contract of employment. The major portion of the complaint was

devoted to allegations supporting the claimed breach of the contract. The final paragraph of the complaint alleged that because of the breach plaintiff had suffered irreparable damages and would continue to suffer damages unless the defendant was restrained. This allegation as to damages was to show that plaintiff had no adequate remedy at law. The prayer for relief asked for the injunction and concluded by asking for such other equitable relief as may be proper, including judgment for damages. There was no allegation as to the amount of damages claimed by the plaintiff. The action was tried to the court.

Upon the trial the only testimony offered by the plaintiff as to damages dealt with comparative figures as to gross sales by the plaintiff and by the defendant's new company, which was in direct competition. No evidence was introduced or offered as to loss or profits. No proof was introduced that would have enabled the trial court to determine plaintiff's damages. At the conclusion of the trial the court determined that the employment contract was void because the period during which the defendant agreed not to compete with plaintiff was unreasonably long. Judgment was then issued dismissing the complaint. Plaintiff appealed to this court and our decision is reported in 270 Wis. 133, 70 N. W. (2d) 585.

Upon the appeal only the validity of the employment contract was argued. The plaintiff's brief concluded as follows:

"We respectfully submit that the judgment of the trial court dismissing the complaint should be reversed, and the case remanded with directions to enter judgment enjoining defendant in accordance with the prayer of the complaint."

Our decision in that case contained the following directions to the trial court (p. 148):

"The judgment is reversed, and the cause remanded for a determination by the trial court of the extent of time as

to which the restrictive covenant with respect to defendant's operations in Clintonville is reasonable and necessary for plaintiff's protection, and for judgment enjoining defendant from a breach thereof. It appears to us that a minimum period of three years would be supported by the evidence. It was established that after defendant took over the managership of plaintiff's yard in 1945 he built the business to a fairly constant level in that period of time, and it must be assumed that any manager taking his place could accomplish the same thing if the restrictions of the contract were enforced against the defendant during that time. In view of the fact that defendant has engaged in continuous competitive activities since December 1, 1953, employing the advantage gained while he was in the service of the plaintiff, the injunction should run from the date of the judgment rather than the date the employment terminated. . . .

"*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion."

The defendant moved for a rehearing, which was denied. No motion was made by the plaintiff to correct or enlarge our mandate. Instead the plaintiff served and filed a motion in the trial court asking permission to reopen the case to enable it to present proof as to damages. This motion was denied. The trial court determined that the record contained no proof from which he could determine damages, and damages were accordingly denied. The injunction was issued in accordance with the decision of this court. The plaintiff has again appealed.

When a cause is remanded by this court to a trial court for further proceedings it is the duty of the trial court to proceed in accordance with our mandate where it is clear and unambiguous. If there is ambiguity in the mandate the trial court may search the opinion or decision for help in construing the mandate. A reading of the decision and the mandate leaves no doubt in my mind, nor in the mind of the trial court, that he should proceed as he did. This

is in accord with sec. 274.35 (1), Stats., and Supreme Court Rule 58, which appears in the statutes as sec. 251.58, which read as follows:

"274.35 (1) Upon an appeal from a judgment or order or upon a writ of error the supreme court may reverse, affirm, or modify the judgment or order, and as to any or all of the parties; and may order a new trial; and if the appeal is from a part of a judgment or order may reverse, affirm, or modify as to the part appealed from. In all cases the supreme court shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance therewith."

"[Sec. 251.58] Rule 58. When a judgment is reversed, the cause, if tried by the court, will ordinarily be remanded for final judgment, and if tried before a jury, for a new trial; but if it appear in a jury cause that there has been a full trial and that justice will be best subserved by the direction of a judgment, the cause will be remanded for final disposition according to the right of the matter, whether such judgment will have the formal verdict of a jury as a basis therefor or not."

This action was tried to the court and was remanded for final judgment, pursuant to Rule 58. This is the ordinary procedure outlined by the rule, and nothing is made to appear that anything extraordinary was involved.

Without citing too many authorities I believe the procedure here is governed by our decision in *State ex rel. Lisbon Town Fire Ins. Co. v. Crosby,* 240 Wis. 157, 2 N. W. (2d) 700. Separate actions were brought by the fire insurance company against three policyholders. The actions were consolidated for trial. The actions were to recover the amount of assessment made against each defendant as a member policyholder of the company. The complaints also asked to recover the costs and charges incurred in the proceedings to collect the assessment. The matter was tried to the court. At the conclusion of the trial the actions were dismissed on the ground that the plaintiff had failed to

establish its case by competent testimony. Upon appeal to this court the judgment of the trial court was reversed, and the causes were remanded with directions to enter judgments in accordance with the prayer of the complaint in each action. Our decision therein is reported in *Lisbon Town Fire Ins. Co. v. Tracy*, 236 Wis. 651, 296 N. W. 126. Upon remand the trial court permitted the defendants to raise an issue not raised in the original trial and entered judgments for the amount of the assessments but not for the costs and charges incurred by the plaintiff in collecting the same. The insurance company applied to this court for a writ of mandamus to compel the trial court to enter judgment pursuant to the mandate of this court. The writ was issued. We held in that case that a litigant is concluded by the mandate of the supreme court as to all matters actually presented or which might, consistently with legal rules, have been presented on appeal, citing *Monahan v. Fairbanks-Morse Mfg. Co.* 150 Wis. 512, 137 N. W. 748; *State ex rel. Littig v. Superior Court*, 231 Wis. 58, 285 N. W. 419; and *Litzen v. Eggert*, 238 Wis. 121, 297 N. W. 382. The question of damages in the present case could have been presented to this court upon the first appeal, but when plaintiff chose not to do so I believe it is concluded upon that issue.

In the same case we said that if our mandate was erroneous the contentions of the defendants would have been considered if presented on a timely motion for a rehearing or a motion for modification of the mandate. Plaintiff failed to make any such motion in this case. It is my opinion that the trial court had no authority to open the case to hear proof of damages and that his action in refusing so to do was proper. Accordingly, I think the appeal of the plaintiff should have been dismissed, or in the alternative the judgment should have been affirmed.

I am authorized to state that Mr. Justice CURRIE concurs in this dissent.